NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-857

COMMONWEALTH

vs.

AUSTIN WAITE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Austin Waite, was charged in the Boston Municipal Court with possession of ammunition without a firearms identification card, G. L. c. 269, § 10 (h) (1); carrying a loaded firearm without a license, G. L. c. 269, § 10 (n); and carrying a firearm without a license, G. L. c. 269, § 10 (a).[1] After trial, the defendant was convicted of carrying a firearm without a license, and acquitted of the other two charges.  He now appeals and we affirm.

---

[1] The defendant was also charged with receiving stolen property over $250, G. L. c. 266, § 60, and possession of a large capacity firearm, G. L. c. 269, § 10 (m).  Those charges were dismissed at the request of the Commonwealth.

Background.  The jury could have found the following facts. On February 1, 2018, Officer Joao Depina and another officer made a traffic stop of a gray Infiniti sport utility vehicle. The defendant was in the passenger seat.  After the driver eventually complied with the officers' request to unlock the car doors, Officer Depina opened the passenger's side door and asked the defendant to exit.  As the defendant stepped out of the vehicle, Officer Depina noticed the handle of a firearm in a holster on the defendant's right hip.  After securing the firearm, Officer Depina demanded the defendant's license to carry a firearm.  The defendant said he did not have one.  A detective who processed the evidence recovered from the stop testified that the firearm was a nine millimeter pistol.

The parties stipulated that the pistol satisfied the applicable statutory definition of a firearm.  Following closing arguments, the judge instructed the jury on the elements required to prove unlawful possession of a firearm as follows: "One, that the defendant possessed the item.  Two, that what the defendant possessed met the legal definition of a firearm. Three, that the defendant knew that he possessed a firearm. Four, that the defendant possessed a firearm outside of his [residence] or place of business."

Discussion.  On appeal, the defendant argues that the jury instructions were erroneous because they did not inform the jury

that the Commonwealth must prove that the defendant lacked a valid license to possess a firearm.  Following the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 8-14, 31-34 (2022), the Supreme Judicial Court determined that the "absence of a license" is an essential element for crimes charging unlawful possession of a firearm, and a judge must instruct jurors that the Commonwealth bears the burden of proving that a defendant lacked the requisite license.  Commonwealth v. Guardado, 491 Mass. 666, 690-693 (2023), S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024).  These decisions apply to this case because the defendant's appeal was pending when they were issued.  Id. at 694.  Accordingly, it was error not to instruct the jury that nonlicensure is an essential element of the unlawful possession of a firearm charge.

Because the clairvoyance exception applies, it is immaterial that the defendant did not object to the absence of a licensure jury instruction; rather, the appropriate question is "whether the error was harmless beyond a reasonable doubt" (citation omitted).  Commonwealth v. Bookman, 492 Mass. 396, 401 (2023).  "[T]he 'essential' question [in analyzing harmlessness beyond a reasonable doubt is] 'whether the error had, or might have had, an effect on the jury and whether the error contributed to or might have contributed to the verdicts.'"

3

Commonwealth v. Tyree, 455 Mass. 676, 701 (2010), quoting Commonwealth v. Perrot, 407 Mass. 539, 549 (1990). See Bookman, supra (failure to give licensure instruction was harmless beyond reasonable doubt in light of undisputed police testimony that defendant lacked license).

Here, there was uncontroverted evidence that the defendant did not have a license for the firearm. After discovering the pistol on the defendant's person, Officer Depina "demanded [the defendant's] license to carry" the firearm, and the defendant stated that "he did not have one." The defendant did not object to this testimony or cross-examine the officer on the issue. At closing, the defendant stressed that he was cooperative during the stop and argued that, although there was "no question" he had the firearm in the car, it might have been passed to him like "a hot potato."

The defendant now argues that his statement to the officer that he did not have a license was insufficient to prove a violation of G. L. c. 269, § 10 (a), because "an uncorroborated confession is insufficient to prove guilt." Commonwealth v. Forde, 392 Mass. 453, 457 (1984). We are not persuaded. The corroboration rule "precludes the possibility of conviction of crime based solely on statements made by a person suffering a mental or emotional disturbance or some other aberration." Id. The rule "does not require corroboration of each element of a

4

crime," but rather "corroboration of the fact that a crime was committed by someone." Commonwealth v. Costello, 411 Mass. 371, 375 (1991). The corroboration "may be quite minimal" and need only show that "the crime was real and not imaginary" (citations omitted). Commonwealth v. Villalta-Duarte, 55 Mass. App. Ct. 821, 825-826 (2002).

There was sufficient "independent corroborative evidence" of the crime in this case. Commonwealth v. Hubbard, 69 Mass. App. Ct. 232, 236 (2007). Officer Depina testified that, after he saw the firearm in a holster tucked into the right side of the defendant's pants, he secured the weapon by removing it from the holster. This evidence of "a real, tangible thing -- a gun" helped to establish "that the crime was real." Id., quoting Forde, 392 Mass. at 458.

Furthermore, apart from the defendant's statement that he did not have a license to carry the firearm, the absence of a license was corroborated by his failure to produce or exhibit one in response to the officer's demand. General Laws c. 140, § 129C, requires, in pertinent part, that a person found with a firearm outside the limits of his own property or residence "shall on demand of a police officer . . . exhibit his license to carry firearms, or his firearm identification card or receipt for fee paid for such card, or . . . a valid hunting

5

license . . . ."[2]  A demand by an officer to exhibit a license

pursuant to c. 140, § 129C, is distinct from "a request for a

testimonial communication."  Commonwealth v. Haskell, 438 Mass.

790, 796 (2003).[3]  Here, independent of what the defendant told

the officer, his failure to exhibit a license in response to the

officer's demand was evidence of nonlicensure and sufficient

corroboration to convince a trier of fact that the unlawful

possession offense "was real and not imaginary" (citation

omitted).  Villalta-Duarte, 55 Mass. App. Ct. at 825.

Accordingly, the failure to instruct the jury on licensure was

---

[2] See G. L. c. 140, § 129C, as amended through St. 2014, c. 284, § 40 (effective January 1, 2015).  After being modified in 2015, this statutory provision was amended in 2021, but the quoted language did not change.  The trial in this case took place in 2019.

[3] In Haskell, 438 Mass. at 796, the court concluded that an officer's lawful order to exhibit a firearms license, pursuant to c. 140, § 129C, does not implicate the defendant's rights under Miranda v. Arizona, 384 U.S. 436, 479 (1966), because it does not invite a testimonial response.

harmless beyond a reasonable doubt.  See <u>Bookman</u>, 492 Mass. at 401.

<u>Judgment affirmed</u>.

By the Court (Sacks,
  Ditkoff & Toone, JJ.[4]),

Clerk

Entered:  September 19, 2024.

---

[4] The panelists are listed in order of seniority.